UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT SEIWERT, *et al.*,

    Plaintiffs,

    v.

FIRST AMERICAN FINANCIAL CORPORATION, *et al.*,

    Defendants.

NO. C19-0988RSL

ORDER TRANSFERRING CASE

This matter comes before the Court on defendants' "Motion to Transfer Venue or Stay Pursuant to First-to-File Rule or, in the Alternative, Pursuant to 28 U.S.C. § 1404(a)." Dkt. # 8. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

This case involves defendants' alleged failure to secure data, resulting in the disclosure of the confidential information of millions of defendants' customers. Plaintiffs allege that, despite receiving warnings that their customers' data was exposed and accessible, defendants did nothing to protect the data until May 24, 2019, when a cybersecurity researcher and journalist announced the defect on his blog. At least twenty-one class actions, many of which are brought on behalf of a nationwide class, have been filed relating to the alleged disclosures of confidential

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER TRANSFERRING CASE - 1

information. The first-filed action was filed in the Central District of California and assigned to the Honorable Dale S. Fischer for handling: most of the other cases have already been transferred to Judge Fischer as related (intradistrict) or under the first-to-file rule (interdistrict). The Judicial Panel on Multidistrict Litigation ("JPMDL") recently declined to centralize proceedings under 28 U.S.C. § 1407, noting that where there are a small number of cases and most are already pending in a single district, outright transfers under the first-to-file rule or 28 U.S.C. § 1404 are preferable to limited pretrial transfers.

Defendants argue that this case should be transferred to the Central District of California under the first-to-file rule, which allows a district court to transfer, stay, or dismiss an action when a complaint involving the same parties and issues has already been filed in another district. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). The rule "is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239 (9th Cir. 2015) (internal quotation marks and brackets omitted). A court considers three factors in deciding whether to apply the first-to-file rule: the chronology of the two actions, the similarity of the parties, and the similarity of the issues. Alltrade, 946 F.2d at 625. The Court finds that the first-to-file rule applies.

Plaintiffs argue, however, that a transfer to the Central District of California is inappropriate because, if a nationwide class is not certified or if Washington insurance law provides protections that are unavailable to the residents of other states, transfer may ultimately force Washington residents to litigate claims brought under Washington law in a California

ORDER TRANSFERRING CASE - 2

court.² Plaintiffs offer no reason to believe that the Central District is incapable of resolving the class certification issues (including certifying statewide subclasses if appropriate) or of resolving issues of Washington law. In its current posture, this case involves a nationwide class that directly competes with the classes asserted in the cases pending in the Central District of California. While "district court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity," the circumstances justifying deviation from the first-to-file rule include bad faith, anticipatory suit, or forum shopping. Alltrade, 946 F.2d at 628. Plaintiffs do not argue that defendants filed prior lawsuits or acted in bad faith: rather, they hypothesize that their own claims on behalf of a nationwide class will be rejected and the resulting litigation will be more complicated than if this action were tried alone. The Court finds, however, that judicial efficiency, case management considerations, and avoiding the risk of inconsistent verdicts all support transfer so that a single district can determine how best to resolve the competing and overlapping claims asserted in these cases. Deviation from the first-to-file rule is not appropriate.

    The parties dispute whether this case should be heard in the Western or Southern Division of the Central District of California. The Central District manages its own division management and case assignment, however, and the Court declines to interfere in these matters.

//

---

² Plaintiffs also argued that defendants' motion to transfer was premature because the JPMDL had not yet decided whether to centralize pretrial proceedings under 28 U.S.C. § 1407. The JPMDL has now denied the motion to transfer. In this context, plaintiffs represent that they would be willing to coordinate discovery efforts with the majority of cases pending in the Central District of California and would agree to a stay of this proceeding pending the outcome of the first-filed case.

ORDER TRANSFERRING CASE - 3

For all of the foregoing reasons, defendants' motion to transfer is GRANTED. The Clerk of Court is directed to transfer this case to the Central District of California where the first action was filed.

Dated this 3rd day of October, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TRANSFERRING CASE - 4